**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **WENDELL LLOYD STANDIFER, III,**    ) | |
|     **ID# 1345471**    ) | |
|         **Petitioner,**    ) | |
| vs.    ) | **No. 3:08-CV-0141-K (BH)** |
|     ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,**    ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal**    ) | |
| **Justice, Correctional Institutions Division,**    ) | |
|         **Respondent.**    ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On March 23, 2005, the State indicted petitioner for the felony offenses of the violation of a protective order by assault and sexual assault, both enhanced by a prior felony conviction. (Trial Transcript[F05-15754-IS]:2-3; Trial Transcript[F05-15755-IHS]:2-3). After petitioner pled not guilty to the charged offenses, on December 5, 2005, he was tried before the court and found guilty of both offenses. (Tr.[F05-15754-IS]:28; Tr.[F05-15755-IHS]:31; R. 3:93). On January 5, 2006, after hearing evidence on punishment and after petitioner pled true to the enhancement paragraphs in each indictment, the trial court sentenced petitioner to twenty years for violating a protective order and thirty years for the sexual assault. (R. 4:6, 46).

The Fifth District Court of Appeals affirmed petitioner's convictions in an unpublished opinion. *Standifer, III v. State*, Nos. 05-06-00078-CR, 05-06-00079-CR (Tex. App. – Dallas, Oct.

30, 2006).  Petitioner filed a state habeas application on January 16, 2007.  (Response, Ex. A).  The Fifth District Court of Appeals issued its mandate one month later, on February 13, 2007.  Petitioner did not file a petition for discretionary review.  According to the Dallas County on-line record system, on April 14, 2008, the trial court recommended that the state application be dismissed. *See* http://www.dallascounty.org/criminalBackgroundSearch. (search for petitioner, 11.07 writ).  According to its website, on May 28, 2008, the Court of Criminal Appeals dismissed this application because the direct appeal was still pending when petitioner first filed his state application. *See* http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2332000.[1]  Neither the on-line Dallas County record system nor the Court of Criminal Appeals' website reflect that petitioner has filed any other state habeas application after this one was dismissed.

On January 8, 2008, petitioner filed a petition for federal habeas relief raising the same issues as his state habeas application.  (*See* Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Respondent filed a response on May 7, 2008, alleging that petitioner's claims are unexhausted.  On July 8, 2008, respondent filed an advisory pleading, advising the Court that petitioner's state application had been dismissed on May 28, 2008. Petitioner did not file a reply brief.

## II.  EXHAUSTION OF STATE REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual

---

[1] Because the trial court had not yet forwarded a state habeas transcript to the Court of Criminal Appeals at the time respondent filed its response to petitioner's federal petition, no state habeas transcript is included in the state court records. (Response, Ex. B).

2

and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

Under Texas state law, the Court of Criminal Appeals does not have jurisdiction to consider a state writ application until the mandate issues and at that point the direct appeal becomes final. *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004); *see* TEX. CODE CRIM. PROC. ANN. § 11.07 (3)(a) & (b) (Vernon 1999); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that that court did not have jurisdiction to consider a state writ filed under 11.07 because the state application was filed before the felony judgment became final, which occurred when the mandate was issued). Because the mandate had not yet issued when petitioner filed his state application, the application was dismissed, albeit over a year later. Petitioner therefore failed to present his claims to the Texas Court of Criminal Appeals because his state application for writ of habeas corpus was dismissed without any ruling on its merits by that court, and petitioner did not file a petition for discretionary review. The Texas Court of Criminal Appeals has thus had no opportunity to consider the claims raised by petitioner in the instant federal petition.

It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

3

Because the Texas Court of Criminal Appeals has not reviewed petitioner's claims on their merits, a ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III.  RECOMMENDATION

The request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 should be **DISMISSED** without prejudice for failure to exhaust state remedies.

**SIGNED** on this 26th day of May, 2009.

                                                                                   _____
                                                                                   IRMA CARRILLO RAMIREZ
                                                                                   UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                                   _____
                                                                                   IRMA CARRILLO RAMIREZ
                                                                                   UNITED STATES MAGISTRATE JUDGE